## Commonwealth ex rel. Dandy v. Lyons

*Daniel J. Ryan*, for Commonwealth.
*Trumon E. Coles*, for respondent.

KREMER, *J.*, May 17, 1979—This case is before the court on the district attorney's request for opportunity to bring defendant to trial on local charges before he is extradited to New Jersey.*

Defendant was arrested on a local fugitive warrant on April 4, 1978. A Governor's warrant was not issued within 90 days and defendant was discharged on July 3, 1978. See 42 Pa.C.S.A. §§9136, 9138. After defendant was discharged and while

---

*We also have before us two companion cases: (a) in Commonwealth ex rel. Edward Moore, MC No. 7903-988 a Governor's warrant was signed on April 17, 1979, for extradition to Nebraska on a charge of burglary, (b) in Commonwealth ex rel. Blair Lemmon, MC No. 7902-908 a Governor's warrant was signed on April 27, 1979 for extradition to New York on a charge of attempted robbery. In each case the Commonwealth requests time to investigate and/or prosecute outstanding local charges. This decision will apply to and will be filed in each of these cases.

his whereabouts were still unknown, a Governor's warrant again issued for him on August 8, 1978. Defendant was arrested on local charges of attempted burglary allegedly committed on December 19, 1978, and for escape allegedly committed on February 23, 1979. On March 29, 1979, the Governor's warrant was lodged against defendant for extradition to New Jersey on charges of receiving a stolen motor vehicle and larceny.

Defendant was taken before a judge of a court of record on March 29, 1979, and as required by the Uniform Criminal Extradition Act, 42 Pa.C.S.A. §9131, was informed "of the demand made for his surrender and of the crime[s] with which he is charged and that he has the right to demand and procure legal counsel . . . " He was also apprised of his right to apply for a writ of habeas corpus to test the legality of his arrest. The Public Defender acted as defendant's legal counsel and filed a petition for a writ of habeas corpus on April 18, 1979. The matter came before this court sitting as motion judge on May 8, 1979. Defendant apparently decided that it was not in his best interests to contest the extradition proceeding and he moved to withdraw his petition for a writ of habeas corpus. Defendant then demanded that he be forthwith extradited. These moves were taken to facilitate the demand that defendant be forthwith extradited to the demanding state and are obviously and admittedly designed to avoid present trial on open local charges within this Commonwealth.

The Commonwealth argues that it would be improper to extradite defendant before disposition of the local charges. Defendant contends that section 9140 of the act authorizes only the Governor to exercise a discretion as to whether to surrender the

defendant immediately or to hold him until he has been tried in Pennsylvania. It is concomitantly argued that this court has no discretion and must forthwith comply with the Governor's warrant. In effect, defendant argues that when the Governor has signed the warrant and he has been arrested and is available for forthwith extradition the Commonwealth is precluded from proceeding on the local charges and must comply with the Governor's order to extradite defendant.

We have undertaken to make a prompt decision in this matter so that it may be challenged, if either side wishes to do so. Our attention has not been directed to any appellate decisions for guidance and our (necessarily hasty) research has not uncovered any appellate cases. We must therefore decide the matter as one of first impression.

Section 2 of the act, 42 Pa.C.S.A. §9140, provides as follows: "If a criminal prosecution has been instituted against such person under the laws of this Commonwealth and is still pending, the Governor in his discretion either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this Commonwealth."—and in section 2, 42 Pa.C.S.A. §9142, the act provides: "The Governor may recall his warrant of arrest or may issue another warrant whenever he deems proper."

We agree with defendant's contention that the act does not give either the court or the local authorities discretion to hold defendant pending disposition of local charges after the Governor has signed the warrant. The discretion to surrender defendant or to delay the surrender is lodged exclusively with the Governor. However, it is clear that

the legislature intended to give the Governor both the duty and the authority to consider the processing and disposition of local charges. The act contemplates that the Governor may recall and reissue his warrant whenever he deems proper. In this case, the warrant was issued when defendant was still a fugitive. Such issuance prior to the defendant's arrest militates against a prior investigation by the Governor as to whether there are open local charges against the defendant. The Governor must be given an opportunity to exercise his discretion as to whether to stay the execution of the warrant pending an investigation as to the existence of open local charges or as to whether to stay the execution of the warrant pending disposition of open local charges.

The legislature did not intend to accomplish arbitrary interference with orderly and expeditious prosecution of persons charged with offenses committed in this Commonwealth. The Governor is charged with the duty of determining the wisdom, economy and efficiency of prior disposition of charges in this Commonwealth. The language of the act imports the concept that the Governor will be given opportunity to exercise his discretion.

Although the act vests discretion as to whether extradition should proceed or be stayed in the hands of the Governor as an exclusive executive function, it appears that the mechanics for implementing the act do not afford the Governor a full opportunity to exercise his discretion in an informed and knowledgeable manner. The letter and spirit of the act may be served by allowing local authorities a reasonable period of time within which to investigate as to the existence of open charges and to contact and inform the Governor concerning such charges and to give him an opportunity to stay the execution

of or to recall his warrant. Such procedure serves to encourage an informed decision based on an assessment of the importance of the charges, the rights of defendant and considerations of the needs, policies and problems of the demanding state and the local jurisdiction.

We cannot undertake to formulate a rule or rules as to this phase of extradition procedure and such function may be performed by the Governor's office or the Supreme Court in the exercise of its rule making power. We arbitrarily will allow a ten day period for the district attorney to contact the Governor's office and for the Governor to respond. It is incumbent upon the Governor, upon receipt of a request from the local district attorney to consider and either grant or reject a request to prosecute local charges.

This court confesses that it has no particular knowledge or experience as to the propriety of such ten day period. However, it must be pointed out that each lower court cannot be permitted to define its own extradition procedures or its own definition as to what constitutes a reasonable period of time. There must be guidance for all lower courts and standards for the exercise of a judicial discretion as to how much time shall be allowed for inquiry and decision.

In accordance with the foregoing, it is hereby ordered that the district attorney is hereby granted ten days within which to produce indication or evidence that the Governor's warrant dated August 8, 1978, shall not be forthwith executed. The matter is listed for May 25, 1979 in Room 646.

---

Editor's note: The Governor of Pennsylvania pursuant to the procedure set forth in this opinion stayed execution of the warrants pending disposition of the open local charges.